**CLARK–DANIEL'S, Inc., v. DEATHE et ux.**

No. 10606.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 13, 1939.

Rehearing Denied Oct. 11, 1939.

Brooks, Napier, Brown & Matthews, T. M. West, Clinton G. Brown, and Harper Macfarlane, all of San Antonio, for appellant.

Carter & Lewis, of San Antonio, for appellees.

SLATTON, Justice.

At the suit of Earl Porter Deathe, et ux., in the 73rd District Court of Bexar County, a judgment was rendered on a jury special issue verdict for the sum of $20,000 against Clark-Daniel's, Inc., hence this appeal.

The jury made the following findings:

1. That the chair was insecurely fastened together.

2. That the chair was a weak chair.

3. That appellant in the exercise of ordinary care should have known of such conditions.

4. That each constituted negligence and a proximate cause of the injury.

5. That the sum of $20,000 would compensate Mrs. Deathe for her injuries.

The appellant complains of the action of the trial court in overruling its motion for a directed verdict and for the submission of special issues Nos. 2, 3, 6 and 7, over its objection.

These propositions are predicated upon the claim that appellees offered no evidence that appellant had knowledge, actual or constructive, of the defective condition of the chair.

It appears that Clark-Daniel's, Inc., operated a store in the City of San Antonio for the sale of merchandise. Mrs. Deathe entered the store for the purpose of making purchases; she was invited to the second floor of the store where a table was placed, upon which fashion books were displayed for the inspection of prospective purchasers. Around the table five or six chairs had been conveniently placed for the use of customers of the store; Mrs. Deathe sat upon one of the chairs and it immediately collapsed, throwing her to the floor. The chair in which she sat was a folding type of chair, and after the accident a screw, which held a metal brace in place, was missing. This chair had been placed at the table a few days before the accident. The missing screw could not be found at or near the place of the accident, after diligent search for it. The chair had been used by the appellant for at least two years before the accident and had been purchased by appellant from another store, which had used the chair before selling it to appellant. The appellant had not made any inspection of the chair. The chair was offered in evidence and inspected by the jury. The record here contains two pictures of the chair. The defect in the chair caused by the missing screw not being in place was not readily apparent to the casual observer, but would immediately appear upon the slightest inspection. This clearly appears

from the photograph of the chair in the record.

The appellees, through their pleading, put appellant upon notice that they would rely upon the rule of evidence known as the res ipsa loquitur rule. Appellees seek to invoke the rule here in opposition to appellant's propositions now under consideration.

■ The chair was in the exclusive control and management of appellant. The accident was such, under the evidence, as in the ordinary course of events does not happen, if those who have the control and management use proper care. Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659, and authorities cited.

The principles underlying the decisions of the cases in which the rule has been applied in this State, as shown in the opinion of the Elliott case, supra, authorize the application of the rule to the facts of the present case.

The appellant cites and strongly relied upon the case of Kilgore v. Shepard Co., 52 R.I. 151, 158 A. 720, Supreme Court of Rhode Island. The court in that case refused to apply the rule because it was said that "the chair was under the exclusive control of the injured person from the time she moved it from the table." The holding in the Kilgore case, supra, was said to be out of line with the general current of authority in the case of Herries v. Bond Stores, 231 Mo.App. 1053, 84 S.W.2d 153, by the St. Louis Court of Appeals of Missouri.

Distinguishing features are present in the case under consideration, which were not present in the Kilgore case; namely, the defective condition of the chair in the Kilgore case was as visible and obvious to the invitee as it was to the employees of the store, while the defective condition of the chair in this case, (that is the missing screw and unfastened metal brace), was not apparent to the casual observer, but would become obvious upon the slightest inspection. This is shown by the photograph in the record. In the Kilgore case there was no evidence tending to show that the defective condition of the chair had existed long enough to charge the defendant with knowledge of such condition. In the present case the fact that the missing screw was not found at or near the place of the accident is some evidence that the screw was missing·

before the chair was placed at the table or at least before the beginning of the day on which the accident occurred. The accident occurred in the afternoon. If the screw had fallen from the chair after it had been placed at the table where the accident occurred, likely the screw would have fallen to the floor and in the ordinary course of events would have been discovered by those in charge of cleaning the floor. Such employees of appellant were not called to testify.

■ The chair, being before the jury, may have disclosed facts which would authorize the inference that the defective condition of the chair existed for a sufficient length of time that had appellant used due care, such defects would have been discovered. And in the absence of any inspection we are unable to say that the trial court erred in either of the particulars complained of by the appellant. Therefore, we conclude that under the rule of evidence before mentioned the trial court properly overruled the motion for a directed verdict and submitted the issues to the jury.

If we are in error as to the application of the res ipsa loquitur rule to the facts of the case, we are of the opinion that the evidence, direct and circumstantial, made issues that were properly submitted to the jury, and that the trial court properly overruled the appellant's motion for a peremptory instruction and the objections to special issues.

■ It is next contended that the court erred in submitting special issues Nos. 5, 6, 7 and 8, because the primary question of fact as submitted in question No. 5 is the same as contained in special issue No. 1, and thereby gives undue prominence to appellees' theory of the case. The substance of the two acts of negligence submitted to the jury appears at the outset of this opinion. These issues are not the same. The contention must be overruled upon the authority of Texas & N. O. Railway Co. v. Martin, Tex.Civ.App., 32 S.W.2d 363, writ refused.

■ The seventh proposition claims error in the submission of special issue No. 1, over the objection of appellant that the same is vague and indefinite and does not interrogate the jury as to any definite manner in which the chair was defective. We overrule this contention. A reading of the issue discloses that the defect in-

quired about was the insecure fastening of the metal brace on account of the missing screw.

■ The eighth proposition complains of the submission of special issue No. 5, over the appellant's objection that the same constituted a general submission as to whether or not the chair was weak and does not confine the discussion of the jury to specific defects claimed by appellees. The appellees pleaded "that the chair was weak and defective and was insecurely fastened together." Both averments being specific grounds of negligence relied upon by appellees, the rule that general allegations of negligence will be limited and controlled by allegations of specific acts of negligence is not applicable; hence the contention is without merit.

Appellant through the 9th, 10th, 11th and 12th propositions claims that counsel for appellees was guilty of misconduct. The ninth and eleventh propositions have reference to the propounding of questions claimed to be the same to which appellant's objections had theretofore been sustained by the court.

■ We have examined the record and find that the questions were in fact not the same. The trial court sustained the objections urged by appellant, and the succeeding questions were changed evidently in an attempt to meet the rulings of the court. Moreover, the questions were not answered, and no reversible error is shown. Texas & N. O. Railway Co. v. McGinnis, Tex.Civ.App., 81 S.W.2d 200, and authorities therein cited.

■ The tenth proposition complains of the remark made by one of the counsel for the appellees; viz., "you are excepting too much." The appellant made no objection to the remark and made no request that the jury be instructed not to consider it. In this condition of the record we are unable to say that such remark constitutes reversible error.

■ The twelfth proposition complains that counsel for appellees committed reversible error in propounding the following question to the president of appellant corporation, to-wit: "How many stores does the corporation operate?" Thereupon appellant's objection was sustained and the question was not answered. The argument is made that the asking of the question was for the purpose of informing the jury that appellant is a chain store.

The contention is not tenable. Under the holding in the McGinnis case, supra, no reversible error is shown.

The thirteenth proposition claims error in the opening argument of counsel for appellees. We have examined the bill of exception presenting this matter and express the opinion that no reversible error is shown.

■ The appellant states in its brief that it objected to the statement of appellees' counsel, to-wit: "And that was a chair that the defendant in this case placed out there to be used by those whom it had invited into the store as its patrons," because there was no evidence that when the defendant placed the chair by the table it was defective. We have at the outset of this opinion held to the contrary. This being true, the argument was not subject to appellant's objections. Moreover, the appellant did not invoke a ruling of the court upon the objection. This appears from the court's qualification of the bill of exception.

■ The fourteenth and last proposition claims that the amount of damages awarded by the jury is grossly excessive as to indicate that the jury were prompted by passion and prejudice and not upon the evidence. Mrs. Deathe at the time of the accident was about thirty-six years of age, and before the accident was in good health. When the chair collapsed it threw her to the floor. In falling she suffered a severe jolt and pain in the vicinity of her coccyx. The dislocated coccyx was set on the night of the accident by her doctor. She spent two weeks in bed and afterwards was taken to the doctor's office for treatment. During such time of treatment she remained in bed a great deal of the time. Her kidney tubes were stretched a number of times by the doctor; the right kidney began to shrink. In December, 1936, the coccyx was removed and the wound did not heal until the following May, during such time she was in bed except when she was taken to the doctor's office for treatment. Since the accident she has lost fifty pounds and her right leg has become smaller than the other. Her vision has become impaired. She has been forced to wear a spinal brace, which comes up the spine, around the hips, is strapped in front and over her shoulders. Before the accident she was able to attend to her household duties and assist her husband with his office work.

Since the accident she is unable to perform such duties.

The physician attending her testified that her injuries were serious and permanent; that it was necessary for her to undergo a major operation; that she is getting worse; complains of pain and cannot retain food in her stomach. Other expert witnesses gave testimony to the effect that Mrs. Deathe had received serious and permanent injuries. Some six or seven lay witnesses gave testimony as to the condition of Mrs. Deathe before and after the accident. The hospital and medical. bills were shown to exceed the sum of $1,150. We have not detailed all the evidence contained in the record on the issue under consideration, however, it is sufficient to show that appellant's attack upon the verdict is without merit. Larger amounts than this have been sustained by the courts of this State. Dr. Pepper Bottling Co. v. Rainboldt, Tex.Civ.App., 66 S.W.2d 496; Southwestern Bell Telephone Co. v. Ferris, Tex.Civ.App., 89 S. W.2d 229.

There being no reversible error in the record, the judgment of the trial court is affirmed.