FROKE, Respondent, v. WATERTOWN GAS CO., Appellant

(298 N. W. 450.)

(File No. 8322.   Opinion filed June 7, 1941.)

Rehearing Denied July 2, 1941.

Order to Modify Judgment Denied January 2, 1942.

**Walter Stover,** of Watertown, for Plaintiff and Respondent.

**Davenport & Evans,** of Sioux Falls, and **Andrew E. Foley,** of Watertown, for Defendant and Appellant.

POLLEY, P.J.    This action was brought for the recovery of damages suffered by plaintiff, caused by the explosion of illuminating gas in his dwelling house in the city of Watertown.   The house was piped for gas, but prior to the occupancy by plaintiff, the use of gas in the house had been discontinued.   The gas had been brought into the basement of the house by means of a service pipe through the south basement wall, near the southwest corner of the basement, and at a point about two feet above the basement floor.   On the end of this pipe and about eighteen inches from the basement wall was a tee, opening upward.   Into this tee was screwed a piece of ¾ inch steel gas pipe, about 2 inches in length and designated a nipple.   On the upper end of this nipple was screwed a cast brass valve some 2½ inches long. On the upper end of the valve was screwed a piece of ¾ inch steel gas pipe some 2 feet in length.   This pipe was perpendicular and on the upper end thereof was attached a gas regulator, and to which was fastened a gas meter.   To the meter was attached a gas pipe used to conduct the gas through the building.   When the use of gas in the house was discontinued the defendant removed the meter, closed the valve at the lower end of the perpendicular pipe, and it is not claimed that any gas ever passed through said valve thereafter.   The regulator, perpendicular pipe and valve just described were left in the position in which they had been used.

On the evening of the explosion Mr. and Mrs. Arkland, two of plaintiff's neighbors, took him to his home in their car. They stopped the car at the back door of his house. He inserted the key into the keyhole and turned it. It turned more easily than usual, from which fact he concluded that the door had been unlocked by someone during his absence. When he opened the door, he was met by a very unusual odor. He told the Arklands that somebody must have been in the house; that the door was unlocked and that there was a peculiar odor in the house. All of them then went into the house and Mrs. Arkland at once said that the odor was that of gas. Plaintiff turned on the electric lights; they then started to hunt for the source of the odor. They opened the door leading to the basement stairs. From there they could hear a loud hissing sound. Following this sound they went to the southwest corner of the basement, where they found that the brass valve at the lower end of the steel gas pipe, above described, was broken off just below the shut-off in the valve. This left the nipple between the valve and the tee at the end of the service pipe wide open and a stream of gas the full size of the opening through the nipple was flowing into the basement. The regulator with the perpendicular gas pipe and the upper part of the broken valve were lying on the floor several feet from the tee. By whom or by what means this valve had been broken is not shown. Plaintiff plugged the hole through the nipple with a rag. This stopped the hissing sound and they all started to leave the house. The Arklands were ahead of plaintiff and when he reached the head of the basement stairs, he switched off the electric light. At that instant the explosion occurred. The house was blown off its foundation and completely demolished. Plaintiff was buried under the wreckage and it was not until after a considerable amount of work had been done that he was extricated from the wreckage. He was badly burned and otherwise injured by the explosion and this suit was brought to recover the damages caused thereby. Verdict and judgment were for the plaintiff and defendant appeals.

██ Plaintiff enumerated a considerable number of acts and omissions on the part of defendant that he claims constitutes negligence on its part and that contributed to his injury. Whether or not either of these acts or omissions constituted negligence on the part of the defendant is not material, for it is not shown or claimed that either of such acts or omissions was the proximate cause of the explosion. All of these alleged acts of negligence have been carefully considered, but since we find such acts are immaterial, it is not deemed necessary to set them out or give them further consideration. To render the defendant liable for damages some negligent act on the part of the defendant must be shown to be the proximate cause of the injury. 24 Am. Jur., § 21, p. 680. But it not appearing that any act of negligence on the part of the defendant was the proximate cause of the injury, it is unnecessary to consider the question of contributory negligence, and the plaintiff is not entitled to recover.

The judgment appealed from is reversed.

ROBERTS and WARREN, JJ., concur.
SMITH, J., concurs in result.
RUDOLPH, J., not sitting.