SCHROEDER et al., Respondents v. DONLIN, Appellant

(111 N.W.2d 609)

(File No. 9925. Opinion filed November 10, 1961)

**Gene E. Pruitt** and **Acie W. Matthews**, Sioux Falls, for Defendant-Appellant.

**Royhl, Benson & Beach**, Huron, for Plaintiffs-Respondents.

BIEGELMEIER, J. Defendant trucker is an uncle of four-year-old Patrick Schroeder. In carrying on his business, defendant owns a truck and an auger-elevator loader which is mounted on two wheels. It consists of a six-inch tube 27 feet long inside which there is an auger that elevates the grain from the bottom to the top. The auger is powered by a six-horsepower engine. The bottom 18 inches of the auger is covered by a sleeve when not in use. On the sleeve the word Danger was stamped by the manufacturer. When in use, the sleeve is pulled up permitting the auger to extend 18 inches from the tube; the auger is inserted into the bin and buries itself in the grain. It cannot then be seen but the grain about the auger is disturbed and appears more or less like a hole in the grain. Some of the loaders have a shield over the auger but this one did not. Defendant lives next door to the Schroeder family. On the day of the accident, as defendant was to haul oats from a bin site on the west edge of Wessington, he hooked up the loader to the truck. At the request of Allen Schroeder, age 6, defendant decided to take Allen and his two brothers, Steve, age 8 and Patrick Schroeder, age 4, with him. The children were in the care of a baby sitter, as their parents

were not then at home. Defendant did not notify anyone of the trip though Steve was going to tell the baby sitter. The parents knew nothing of it. Patrick had never before gone on any grain hauling trips. At the bin site the two older boys stayed in the truck box. Patrick was on the ground around the truck. Defendant unhooked the elevator, pulled up the sleeve to expose the auger and put it into the bin; as usual, when the auger turned, it buried out of sight into the grain. Defendant told Patrick to stay outside because the auger was dangerous but Patrick followed him into the bin; defendant took him by the hand and helped him out of the bin. He then started scooping grain and the visibility became poor due to scoop dust. He had his back to the door, did not watch it to see if Patrick returned and did not see him. After two or three minutes he heard Patrick cry out; he was then on his back, his arm caught in the auger up to his shoulder. The injuries were such as to require the amputation of the arm. While Patrick was a bright boy he could not read the word "Danger". His parents and defendant testified he was impetuous and not old enough to realize the danger of the auger-loading operation. There was a jury verdict against defendant of $12,500 and from a judgment thereon he appeals. We affirm.

In one instruction the court advised the jury:

"You are further instructed that if a person places a dangerous machine in operation, knowing that a child of tender years, in proximity, would likely by childish curiosity and impulse be attracted, and have access thereto without appreciating the danger, then that person has the duty to take precautions which are reasonable under the circumstances to avoid danger to such child, which he knows, or may be reasonably expected to know exist because of the presence of the child and the character of the machine, however a person is not the insurer of the safety of such child merely because he is the owner of machin-

ery that may appeal to his youthful fancies. The defendant was not bound by all events to prevent the plaintiff, Patrick Schroeder, from being injured by the machine and was required only to exercise reasonable precaution to prevent injury to him under the existing circumstances."

Defendant's objection to this instruction was that it injected the "attractive nuisance theory" into the lawsuit and submitted the law to the jury on the basis of that doctrine and it failed to properly instruct the jury with reference to it. Defendant contends that the attractive nuisance doctrine does not apply for several reasons, one being that Patrick was not a trespasser. Plaintiff agrees that Patrick was not a trespasser and the action was not tried, nor did the court instruct the jury on the attractive nuisance theory. As the parties are in agreement on this, it is unnecessary to consider at length the duties of a possessor of land to a trespasser and the origin or scope of the attractive nuisance doctrine or the authorities cited. Patrick was at the bin site, not only with the permission of defendant, but in his general custody. He accepted custody and care of the children of his own volition.

■ This court has held a city owes the duty of reasonable care in the supervision of a rifle range which boys were invited to use in a city hall. Bucholz v. City of Sioux Falls, 77 S.D. 322, 91 N.W.2d 606. In Crabtree v. Ondell, 58 S.D. 95, 235 N.W. 109, 110, defendant had impounded hogs that strayed upon his land. This court wrote "One lawfully holding property of another owes a duty to exercise due care, and for failure to perform that duty may be held in damages for negligence". No less standard of care should be applied to defendant's care of these children.

■ ■ Nor can it be said that Patrick became a trespasser and the defendant's obligation of due care or the protection afforded by that standard ceased when Patrick came back in the bin or when defendant warned him.

Crane v. Smith, 23 Cal.2d 288, 144 P.2d 356. Children have neither an adult's capacity to appreciate a risk involved in a potentially dangerous machine nor the ability to avoid danger to the same degree as adults and all persons dealing with them are chargeable with such knowledge. The known characteristics of children, including their childish propensities to be curious and to intermeddle, must be taken into consideration in determining whether ordinary care for their safety has been exercised under the circumstances. Crane v. Smith, supra; Barbarisi v. Caruso, 47 N.J.Super. 125, 135 A.2d 539.

■ While the standard is the same, more precautions and safeguards may be required to sustain the burden of due care. The greater the danger, the greater the care required, so that a very high degree of danger calls for a very high degree of care which, however, amounts to ordinary care in view of the situation and circumstances. Bucholz v. City of Sioux Falls, supra. The evidence shows and the jury could find that Patrick may have been left in apparent safety with the other two older boys in the truck or with any of the four other persons thereabouts; defendant could have faced and watched the door rather° than turn his back to it or taken some other precautions to avoid the injury.

■ As for the warning, this would not absolve defendant of his duty to use due care to a child of that age; if it were so held the mere warning could be given to terminate his obligation to use due care without regard to a four-year-old child's ability to comprehend it. Even a licensee is entitled to that concern. Comment c to Section 341, Restatement, Torts, states: "He is entitled to expect that such warning will cause the licensee to avoid the danger unless he realizes or should realize that warning would be ineffective * * * because the licensee does not hear the warning or is not able * * * to take advantage of it". The trial court defined negligence in Instruction VII and in VIII properly required defendant to ex-

ercise reasonable precautions under the circumstances including the child's age. The jury had before it the pictures of the auger-loader, observed the boy and concluded defendant was negligent. The evidence supports their conclusion.

■ ■ It is asserted the trial court's Instruction No. I detailed plaintiff's complaint including some matters not supported by the evidence. The instructions did set out many of the allegations of the complaint, including some conclusions. It is not a recommended practice. Dwyer v. Christensen, 77 S.D. 381, 92 N.W.2d 199. There was no dispute as to how the accident occurred as all this evidence came from defendant and we conclude he was not prejudiced by the instruction.

Affirmed.

All the Judges concur.