NOEL COVER, APPELLANT, v. PLATTE VALLEY PUBLIC POWER AND IRRIGATION DISTRICT, A PUBLIC CORPORATION, APPELLEE.

115 N. W. 2d 133

Filed May 11, 1962. No. 35139.

*Baskins & Baskins,* for appellant.

*Crosby & Nielsen* and *Stewart & Stewart,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an appeal in an action for damages to personal property. Noel Cover, the appellant, was the plaintiff in the lower court. Platte Valley Public Power and Irrigation District, the appellee, was the defendant.

In 1947 the plaintiff, with Armour and Company, was engaged in feeding sheep at a feed yard near Cozad, Nebraska. The feed yard is located about a quarter of a mile west of a draw or swale which runs generally north and south. An irrigation canal constructed by the defendant is located south of and adjacent to the feed yard. The canal crosses the draw about a quarter of a mile east of the east line of the feed yard and forms an embankment or dam across the draw except for a 42-inch drain under the canal.

As the result of a rain which occurred on June 21, 1947, an area north of the defendant's canal was flooded for about 3 days. This action was brought to recover damages alleged to have been caused by the flooding which was the result of the defendant's negligence in failing to provide an adequate drain under its canal for intersecting waters. Armour and Company assigned all of its interest in the cause of action to the plaintiff.

This is the third appeal in this action. The first trial resulted in a verdict and judgment for the defendant. Upon appeal this court held that the defendant was negligent as a matter of law, reversed the judgment, and remanded the cause for a new trial. Cover v. Platte Valley Public Power & Irr. Dist., 162 Neb. 146, 75 N. W. 2d 661.

The second trial also resulted in a verdict and judgment for the defendant. Upon the second appeal this court again held that the trial court should have directed a verdict against the defendant on the issue of negligence and should have submitted to the jury only the issue of damages. The judgment was reversed and the cause remanded for a new trial limited to the issue of damages. Cover v. Platte Valley Public Power & Irr. Dist., 167 Neb. 788, 95 N. W. 2d 117.

The third trial resulted in a verdict for the plaintiff in the amount of $16,180. The plaintiff's motion for new trial was overruled and he has appealed. There is no cross-appeal.

The assignments of error which require consideration are that the trial court erred in admitting evidence as to the amount of rainfall in Cozad, in giving certain instructions to the jury, and that the verdict is inadequate.

The defendant's theory of the case was that all or a part of the damages suffered by the plaintiff were the result of rain or some cause other than the flood. In support of its theory the defendant produced the testimony of Harry E. Rickel to the effect that on June 21, 1947, at least 6 inches of rain fell in Cozad at a point approximately 1 mile from the feed yard. The evidence was admitted over the plaintiff's objection that it was incompetent, irrelevant, and immaterial. The jury was instructed that the testimony of Rickel should be considered only to the extent that it might indicate that an equal amount of rain fell on the plaintiff's property.

The plaintiff was required to prove by a preponderance of the evidence that his damages were caused by the negligence of the defendant, and the amount of the damages. Cover v. Platte Valley Public Power & Irr. Dist., 162 Neb. 146, 75 N. W. 2d 661. Conversely, the defendant was entitled to prove that the damages were the result of rain or some cause other than the flood. It was largely within the discretion of the trial court as to whether evidence as to the amount of rainfall 1 mile from the feed yard was too remote. Cover v. Platte Valley Public Power & Irr. Dist., 162 Neb. 146, 75 N. W. 2d 661. Under the circumstances in this case the admission of the evidence was not error.

The authorities cited by the plaintiff may be distinguished upon the facts. Harding v. Hoffman, 158 Neb. 86, 62 N. W. 2d 333, involved testimony concerning fog 15 miles away. Southern Utilities Co. v. Murdock, 99 Fla. 1086, 128 So. 430, involved wind velocity measured at a point 30 or 40 miles distant.

The court instructed the jury that the plaintiff was entitled to recover only those damages which were caused by the flooding; and that in the event an item of property was damaged first by rain and later by the flood, the plaintiff could recover only that portion of the damage which occurred after the flood began. The plaintiff contends that the instruction was erroneous in that it required the jury to apportion damages caused concurrently by an act of God and an act of negligence.

The evidence is that a rain occurred on the night of June 21, 1947. The floodwater began to enter the feed yard at about 7 a.m. on June 22, 1947. Any damage that was caused by the rain occurred before the flood began and would have occurred without regard to any negligence on the part of the defendant. A proximate cause is a cause without which the injury would not have occurred. Jarosh v. Van Meter, 171 Neb. 61, 105 N. W. 2d 531. Under the circumstances of this case, the instruction given was proper.

The plaintiff further contends that it was error for the trial court to submit the issue of proximate cause to the jury because the law of the case is that the defendant is liable for all damages which the plaintiff sustained. The contention is incorrect.

The first appeal determined only that the defendant was negligent as a matter of law. This court did not determine as a matter of law that the damages claimed by the plaintiff were caused by the defendant's negligence. This court stated specifically that the trial court should have told the jury that the burden was upon the plaintiff to prove by a preponderance of the evidence that his damages were proximately caused by the negligence of defendant, and the amount of his damages. Cover v. Platte Valley Public Power & Irr. Dist., 162 Neb. 146, 75 N. W. 2d 661.

The second appeal determined only that the evidence was insufficient to sustain a verdict for the defendant on the basis that the sole proximate cause of plaintiff's damage was an act of God. Cover v. Platte Valley Public Power & Irr. Dist., 167 Neb. 788, 95 N. W. 2d 117. The judgment was reversed and the cause remanded for a new trial limited to the issue of plaintiff's alleged damages. But, contrary to the plaintiff's present contention, the plaintiff was not relieved from the burden of proving that his damages were proximately caused by the negligence of the defendant, and the amount of the damages.

The remaining question is whether the verdict is so inadequate that it must be set aside. A verdict will not be set aside as inadequate unless it is clearly against the weight and reasonableness of the evidence and is so disproportionate to the injury proved as to indicate that it was the result of passion, prejudice, mistake, or some other means not apparent in the record, or that the jury disregarded the evidence or rules of law. The verdict was itemized and each item of property that was damaged will be considered separately.

The plaintiff claimed damages to sheep in the amount

of $22,880. The jury awarded the plaintiff $11,440 for this item. There was evidence from which the jury could have found that the floodwater started to enter the feed yard from the east on the morning of June 22, 1947, and flooded about one-half of the area for a period of 3 or 4 days; that the pens in the feed yard have a capacity of around 100,000 sheep and that there were approximately 80,000 sheep in the feed yard at the time of the flood; that commencing at 9 a.m., on June 22, 1947, the plaintiff moved seven or eight thousand sheep from pens that were flooded to pens that were dry; that on June 23, 1947, eight or nine thousand sheep were moved to other pens; that on June 24, 1947, between nine and eleven thousand sheep were moved to other pens; that very little feed was placed in the bunks on June 23, 1947; that the plaintiff started feeding at about the middle of the afternoon on June 24, 1947, and by the next day "got them pretty well caught up"; and that the sheep had been on feed from 80 to 120 days and between 75 percent and 90 percent of them were ready for market.

There was also evidence that when sheep which are on feed are taken off feed for several days they will lose weight; that a part of the weight which is lost is their natural fill; that in addition to the loss of their natural fill there can be a tissue shrinkage or loss of meat; that sheep can recover their natural fill in 24 hours; that loss in weight comes first from dehydration; that if sufficient water is available, sheep can go for several days without feed and have very little tissue shrinkage; and that sheep which are well along on a feeding ration can be off feed for several days and then go back on the ration without difficulty and recover rapidly.

The plaintiff computed his loss upon the basis that 26,000 lambs lost 4 pounds each which amounted to 88 cents per head. The evidence as to this item of damage consisted entirely of estimates and opinions. There

was no direct evidence that the plaintiff suffered any actual loss when the sheep were marketed. We conclude that the record fails to show that the verdict as to this item of damage should be set aside as inadequate.

The plaintiff claimed $3,600 for the loss of feed. The jury awarded the plaintiff $600 for this item. The feed consisted of a mixture of alfalfa meal, corn, soybean meal, and molasses. The plaintiff's foreman testified that when the water receded the feed in the bunks was cleaned out and discarded and he estimated that 60 tons of feed were lost. The plaintiff testified that the value of the feed was $60 a ton. There was evidence that on the morning of June 22, 1947, the feed was wet from rain; that wet feed can be salvaged by mixing dry feed with it; that some of the feed bunks were one-third full and others were two-thirds full; that sheep will eat wet feed; and that by noon on June 22, 1947, the pens which were not flooded were probably out of feed. The jury could have found that the value of the feed in the bunks had depreciated because it was wet but that, notwithstanding the rain, much of it was consumed by the sheep. The evidence would have supported a higher verdict as to this item but does not show that the verdict as to this item is so inadequate that it must be set aside.

The plaintiff claimed $5,280 for the loss of baled alfalfa. The jury awarded the plaintiff $3,960 for this item. The plaintiff's foreman testified that the bales were piled in a long rick, 8 to 10 bales high; that the water seeped up "two or three" bales high and then some seeped up into "the next bale"; that he counted the bales; and that on the basis of 70 pounds to a bale, 220 tons were destroyed. The plaintiff testified that he had paid $24 per ton for the hay the year before and that it had the same value at the time of the flood. The verdict as to this item is reasonably close to the plaintiff's estimate of the damages and cannot be said to be inadequate.

The jury awarded the plaintiff $180 for damages to electric motors. This was the full amount claimed for this item and it requires no further consideration.

There being no prejudicial error, the judgment is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.