NORTHWESTERN BELL TELEPHONE COMPANY, Appellant

v.

HENRY CARLSON COMPANY, Respondent

(165 N.W.2d 346)

(File No. 10527. Opinion filed February 25, 1969)

**May, Boe & Fisher,** and **Gale E. Fisher,** Sioux Falls, for plaintiff and appellant.

**Davenport, Evans, Hurwitz & Smith,** and **Carleton R. Hoy,** Sioux Falls, for defendant and respondent.

HOMEYER, Judge.

In this action plaintiff, Northwestern Bell Telephone Company, seeks to recover for water damage to certain personal property alleged to have been caused by the negligence of the defendant, Henry Carlson Company. A jury found no liability and judgment was entered upon such verdict. Plaintiff's motion for a new trial was denied and this appeal followed.

Appellant's principal claims are (1) that the court should have directed a verdict for him upon the issue of liability leaving only for jury determination the amount of damages, and (2) if there is a jury question on liability, that the court erred prejudicially in its instruction on the defense of an act of God.

On plaintiff's appeal from judgment upon a verdict for the defendant, the evidence must be viewed in a light most favorable to the defendant and we must accept the evidence and any reasonable inferences therefrom which tend to support the verdict. Federal Land Bank of Omaha v. Houck, 68 S.D. 449, 4 N.W.2d 213; Blakey v. Boos, 83 S.D. 1, 153 N.W.2d 305.

Plaintiff is the lessee of a three-story brick building approximately 100 foot square with full basement located at 132 South Dakota Avenue, in Sioux Falls. It is in the southwest corner of the block at the intersection of Dakota Avenue and Tenth Street. Dakota Avenue is a hard surfaced north-south street and from Ninth to Tenth Street there is a slight slope to the south and towards the northeast corner of the intersection. Tenth Street is a paved east-west street and has a downward easterly slope of about 10 to 15 degrees past plaintiff's building. On the north side of the building there is a driveway off Dakota Avenue to an alley with a slope of about 30 degrees eastward. There are overhead doors on this side about 50 feet east of the sidewalk. Directly east of the overhead door is another door entrance with two steps from the alley level to the basement level. A down spout carrying water from the roof is located in this same area. There was evidence that some water had previously entered the basement in this vicinity.

The lessor, D & G Investment Company,[1] contracted with the defendant for a general remodeling of the building which included removal and replacement of the existing sidewalk adjacent to the west side of the building. The old sidewalk was in poor condition. The new sidewalk was to be narrower since the

1. The lessor was named as a defendant, but upon motion of plaintiff made at the commencement of trial, the action with respect to it was dismissed without prejudice.

city requested a wider street. Under a part of the old sidewalk there were rooms with a ceiling height of about 10 feet which had been used as coal bins. During the process of work the city dumped sand into manholes in the sidewalk and filled the areas separated from the building to about five feet below sidewalk level. The existing sidewalk with curb on the west side was demolished and the debris dropped above the filled in sand. The area of construction was barricaded from the streets by a wooden framework and a raised walkway was built for pedestrian use. The demolished sidewalk area was not covered and nothing was done to serve as a substitute or replacement for the demolished curb.

Prior to remodeling, ground seepage in the coal bin area was controlled by two-inch drain tile leading into a sump hole in the coal bin from which the water as it accumulated was pumped into the city sewer. Before sand was hauled in, defendant removed the old floor and installed four-inch drain tile which led to a new sump hole relocated under the elevator shaft inside the basement. Defendant also closed the doorways and other openings into the basement with cement block, except he left an opening of about four to six inches as a sleeve for gas pipes. This opening was located approximately 6 1/2 feet above the basement floor. An employee of plaintiff also testified there were seam-like cracks in the concrete or mortar at the top of the same wall about ten feet above the basement floor and just below the old sidewalk. Such was the condition of the premises when defendant ceased working on Friday, September 9, 1966.

Between 12:15 a. m. and 4:35 a.'m. on Sunday, September 11th, rainfall measuring 4.02 inches fell in Sioux Falls and water in a considerable amount gathered in the demolished area. Plaintiff contends defendant was negligent in failing to cover the old sidewalk and thus exposing it to the elements and in failing to barricade and protect the exposed area against rain and surface water. Consequently, it alleges water entered the open area and rose to a height where it got into the basement through openings in the west wall filling it to a depth of 12 to

13 inches and causing the damage for which it now seeks to recover. Defendant maintains it was not negligent, or that its negligence, if any, did not cause such damage, and as an affirmative defense alleged that the sole proximate cause of the damage was an act of God and such damage did not result from any negligence on his part. That plaintiff sustained substantial damage is not disputed.

Negligence and causation are basic to plaintiff's right to recover and the burden was upon plaintiff to prove each of them. Absence of either defeats recovery. Negligence has been defined as the failure to exercise ordinary care under the circumstances. Granflaten v. Rohde, 66 S.D. 335, 283 N.W. 153. The standard by which the conduct of the defendant must be tested is that of an ordinarily or reasonably prudent person acting under the same or similar circumstances. Whether negligence exists in a particular case must be determined by a consideration of all the facts and circumstances, Daniels v. Moser, 76 S.D. 47, 71 N.W.2d 739, and it is a fundamental rule that negligence to be actionable must be a proximate cause of the damage. Froke v. Watertown Gas Co., 68 S.D. 69, 298 N.W. 450. Questions of negligence and proximate cause are usually questions of fact to be decided by the jury and it is only when the facts are not in dispute or are such as to which reasonable men could not differ that they or either of them become a question of law to be decided by the court. DeBerg v. Kriens, 82 S.D. 502, 149 N.W.2d 410; Blakey v. Boos, supra.

Defendant plead and strongly relied upon the defense that the plaintiff's damage was caused solely by an act of God and did not result from any negligence on its part. In support of such position he called as a witness the meteorologist in charge of the Sioux Falls Weather Bureau Station. He testified to the amount of rainfall that fell during the interim mentioned supra and that at times the rainfall was so heavy that the recording gauge could not compute it and his figures were taken from the measuring gauge. It was a record rainfall for September since 1893 when records were first kept. The precipitation probability was 20% for Saturday night.

A pressman for the Sioux Falls Argus Leader testified that on Sunday morning between 2 a. m. and 3 a. m. he observed water rushing down Tenth Street to a width of about 8 to 10 feet out from the curb and about 12 inches over the curb and onto the sidewalk. He also said water entered the Argus Leader basement. The Argus Leader is located at the southeast corner of the intersection of Minnesota Avenue and Tenth Street which would be about one block west of plaintiff's building.

An employee of the city engineer's office testified he made a survey of rain damage following the occurrence to enable persons who had endured damage to receive federal assistance. His investigation disclosed that basements of at least 16 houses in all parts of Sioux Falls had caved in; that one was right on top of the hill at Minnesota Avenue; that calls of water damage to the police and fire departments were so frequent and sporadic that they were not logged. On the other hand plaintiff produced evidence showing or tending to show that prior to the occurrence despite heavy rains either no water or only trifling amounts entered the basement.

■ ■ An act of God must be the sole proximate cause of damages without concurrent negligent participation of the defendant before the defendant is entitled to a verdict. The defendant has the burden of proving such alleged defense by a preponderance of the evidence. Cover v. Platte Valley Public Power & Irr. Dist., 162 Neb. 146, 75 N.W.2d 661, 167 Neb. 788, 95 N.W.2d 117, 173 Neb. 751, 115 N.W.2d 133; Wagaman v. Ryan, 258 Iowa 1352, 142 N.W.2d 413. See also National Weeklies, Inc. v. Jensen, 183 Minn. 150, 235 N.W. 905. In the latter case the court stated: "If the damage done was solely the result of an act of God, the city was not liable. If the negligence of the city proximately contributing and an act of God combined to produce the result, the city is liable."

■ ■ An act of God has been defined as "any accident, due directly and exclusively to natural causes without human intervention, which by no amount of foresight, pains, or care, reasonably to have been expected, could have been prevented".

1 C.J.S. Act of God p. 1423. It excludes the idea of a human agency and where the cause considered "is found to be in part the result of the participation of man, * * the whole occurrence is thereby humanized, * * * and removed from the operation of the rules applicable to the acts of God". Ibid, p. 1424. If several causes concur in a loss, including an act of God, a party is not relieved from liability, Mincey v. Dultmeier Mfg. Co., 223 Iowa 252, 272 N.W. 430, and to exonerate the defendant an act of God must be the sole proximate cause of the accident. Wagaman v. Ryan, supra; Cover v. Platte Valley Public Power Irr. Dist., supra.

Defendant is a general contractor and has been engaged in building commercial buildings since 1919 in the Sioux Falls area. The president of the company testified how the construction was done and a reasonable inference is that it was the customary method of doing the work and similar work had been performed in like manner on many occasions on the streets and sidewalks of that city. The defendant was not an insurer and the burden of proving negligence rested with the plaintiff. Ulrick v. Dakota Loan & Trust Co., 3 S.D. 44, 51 N.W. 1023. See also Rikansrud v. City of Canton, 79 S.D. 592, 116 N.W.2d 234. There was evidence and reasonable inferences therefrom that the streets were equipped with storm sewers and that under ordinary circumstances the drainage on the streets was such that the possibility of water gathering in the opened area to a level where it could enter the building was remote.

Furthermore, a reasonable inference is that the nature of the construction was such that perhaps the contractor could do little or nothing to prevent what occurred. It is common knowledge that excavations must remain open at times as a necessary incident to construction. If water enters an excavation sometimes the only recourse is to let it drain or pump it out as soon as possible. This appears to have been done in the instant case. In our opinion the evidence was such that the jury could find that the defendant was not negligent, or if negligent, an unexpected and unprecedented rainfall was the sole proximate cause of the damage.

In stating the issues in its instructions the court said that defendant had alleged any damage to plaintiff's property was an act of God for which the defendant would not be liable. The court further instructed:

> "In order for a flood to come within the term 'act of God', it must have been so unusual and extraordinary a manifestation of nature as could not under normal conditions have been reasonably anticipated or expected. An act of God does not necessarily mean an operation of natural forces so violent and unexpected that no human foresight or skill could probably have prevented its effect. It is enough that the flooding be so extraordinary that in the exercise of human foresight, it could not reasonably be anticipated."

The above instruction was taken from certain language used in Cover v. Platte Valley Public Power & Irr. Dist., 162 Neb. 146, 75 N.W.2d 661, 668, and repeated in Baum v. County of Scotts Bluff, 172 Neb. 225, 109 N.W.2d 295, 302, but omitted from the instruction is the concluding phrase "and whether it comes within this description is ordinarily a question of fact." The Cover case did not involve a building excavation and under the factual situation presented the court held the power and irrigation district was negligent as a matter of law in constructing and maintaining an inadequate floodwater drain under its canal.

Plaintiff excepted to the above instruction and claimed it was misleading and prejudicial in that it gave the impression the mere presence of an act of God is a defense and this is contrary to law. As we have stated, where an act of God and the negligence of a defendant concur and proximately cause damage, the defendant is liable as though his negligence alone had caused the damage, but if the act of God was the sole cause, or as it is often termed the sole proximate cause, of the damage, defendant is not liable.

Immediately following the above instruction the court instructed that ordinarily a person is not liable for damages caused by an unusual and excessive rain; however, if they found the

rain itself would not have run into the excavation in sufficient quantity to cause damage, except for the careless and negligent conduct of the defendant in leaving the same exposed to the gathered inflow of water from the street and gutter, the defendant was liable. Plaintiff requested this instruction taken from language used in Ulrick v. Dakota Loan & Trust Co., supra. It requested no other instruction either on negligence or causation.

The court generally instructed that the party asserting the affirmative of an issue has the burden of proving the issue by a preponderance of the evidence and for negligence to be the basis of an award of damages it must be a proximate cause of the injury. Proximate cause was defined as that cause which is an immediate cause and which in natural and probable sequence produced the damage, and without which it would not have been sustained. The court said it need not be the **only cause,** nor the **last** or **nearest** cause. It is sufficient if it **concurs** with some **other cause** at the **same time, which in combination with it, causes** the damage.

 This court has said many times that the instructions must be considered as a whole and when thus considered it is our opinion that they sufficiently and correctly state the applicable law. Dwyer v. Christensen, 77 S.D. 381, 92 N.W.2d 199; Jorgenson v. Dronebarger, 82 S.D. 213, 143 N.W.2d 869. We believe the jury was properly told that defendant had the burden to prove that plaintiff's damage was caused solely by an act of God. Also, if they found there was an act of God, but they found the defendant was negligent, and such negligence concurred with an act of God to cause the damage, the negligence of the defendant would be a proximate cause of the damage.

 The jury either found that the defendant was not negligent, or if negligent, that such negligence was not a proximate cause of the damage, or that the sole proximate cause of the water damage was an act of God. In our opinion any such finding was permissible under the evidence. Fact issues such as these are the prerogative of the jury and it must be a clear

case before a trial judge is justified in taking these issues from a jury. Myers v. Quenzer, 79 S.D. 248, 110 N.W.2d 840; Raverty v. Goetz, 82 S.D. 192, 143 N.W.2d 859.

Judgment affirmed.

All the Judges concur.