WHEELER, Respondent v. CORNER, d/b/a LaFEMME, Appellant

(170 N.W.2d 883)

(File No. 10567. Opinion filed September 18, 1969)

**Lynden D. Levitt**, Rapid City, for plaintiff and respondent.

**Costello, Porter, Hill, Banks & Nelson**, Rapid City, for defendant and appellant.

BIEGELMEIER, Presiding Judge.

While shopping in defendant's store plaintiff was invited by a saleslady to sit and have coffee at a counter. Plaintiff sat in one of the high "French type" stools, then left it for a moment and either when she resumed her seat or was in the process of doing so she claimed the chair gave way causing her to fall and receive the injuries for which the action was brought. Defendant appeals from the judgment entered on the jury verdict for plaintiff. Defendant made a motion for a directed verdict and for judgment n. o. v. and now urges error in denying such motions claiming the evidence does not support this jury's verdict in two respects: that the evidence does not support the conclusion defendant was negligent or the injuries resulted from plaintiff's fall.

As is common to both of these questions, the evidence is generally in dispute and often inconsistent. Our review on appeal is governed by well-established principles that error is not presumed on appeal and an appellant must affirmatively establish prejudicial error;[1] that the evidence is to be viewed in the

---

1. Dwyer v. Christensen, 77 S.D. 381, 92 N.W.2d 199; Alberts v. Mutual Service Casualty Insurance Co., 80 S.D. 303, 123 N.W.2d 96.

light most favorable to the prevailing party and all conflicts therein resolved in favor of the verdict[2] and questions of negligence and proximate cause are usually questions of fact to be decided by a jury and it is only when facts are not in dispute or are such as to which reasonable men could not differ that they become a question of law for the court.[3]

Photographs of one of the two white "French" styled chairs or stools, and of the showcase where jewelry, etc., were displayed and which was also used as a counter where coffee was served were placed in evidence. The stool is of cast or wrought iron at least 42 inches from the floor to the top of the backrest; this is 15 inches above the seat. The seat is 27 inches from the floor and rests on a single iron pedestal which in turn is supported by three curved legs, not fastened to the floor. Evidently by reason of the distance from the floor to the seat, a footrest or bar is attached to the pedestal at a place approximately 15 inches below the seat and 12 inches from the floor. When a woman sat on the chair her feet would not touch the floor but would reach to this footrest which could be used as a step to get on or off the stool.

There was evidence when plaintiff came back she stepped up to get on the chair or placed her foot on the bar or footrest, it came loose and the chair tipped over. She was on, partly on or in the process of getting on the chair when the accident happened. The jury could find the bar came loose because the nut which formerly held it in place was gone. An employee of defendant picked up the bolt and chair and took them to the back room. The chair was not produced or offered in evidence. The fact the missing nut was not found at or near the place of the accident was some evidence it was missing since employees in charge of cleaning had last done that task; otherwise it would have been found. Such employees did not testify.[4] The court

2. Truxes v. Kenco Enterprises, Inc., 80 S.D. 104, 119 N.W.2d 914; Warwick v. Mulvey, 80 S.D. 511, 127 N.W.2d 433.
3. Northwestern Bell Telephone Company v. Henry Carlson Company, 83 S.D. 664, 165 N.W.2d 346.
4. Clark-Daniel's, Inc. v. Deathe, Tex.Civ.App., 131 S.W.2d 1091; cf., Denison v. Wiese, 251 Iowa 770, 102 N.W.2d 671.

has declared many times negligence is the failure to exercise ordinary care under the circumstances; that ordinary care is commensurate with existing and surrounding hazards. The greater the danger, the greater the care required so that a high degree of danger calls for a high degree of care which, however, amounts to ordinary care in view of the situation.[5]

■■ It is the duty of a merchant to exercise reasonable and ordinary care for the safety of a business invitee, though he is not an insurer.[6] This includes the duty to maintain fixtures so they can be used in the ordinary way without danger.[7] If the evidence would sustain a verdict for plaintiff under any pleaded theory the trial court correctly denied defendant's motion.

■ While the above description of the stool may not give as clear a picture of it as the jury had from the photographs, it could find at some angles the chair seat was wider than the three-sided base; that because of its height and construction it could easily become unbalanced;[8] that the footrest gave way by reason of the missing nut which was not on the floor and it could therefore conclude it had been missing for some time and that if defendant did not know of that fact, she should have known of it and did not exercise ordinary care under the cirmumstances.[9]

■■ An alternative ground[10] supports the trial court's refusal to direct a verdict for defendant and that is the doctrine of res ipsa loquitur. The court has defined, applied and discussed it in several opinions. Though plaintiff may have alleged specific acts of negligence she was not confined thereto but could also

5. This was in substance one of the court's instructions. Granflaten v. Rohde, 66 S.D. 335, 283 N.W. 153; Bucholz v. City of Sioux Falls, 77 S.D. 322, 91 N.W.2d 606; Schroeder v. Donlin, 79 S.D. 311, 111 N.W.2d 609.

6. Norris v. Chicago, M., S. T. & P. R. Co., 74 S.D. 271, 51 N.W.2d 792; 38 Am.Jur., Negligence, § 131.

7 Gow v. Multnomah Hotel, Inc., 191 Or. 45, 224 P.2d 552, 223 P.2d 791; Rose v. Melody Lane of Wilshire, 39 Cal.2d 481, 247 P.2d 335.

8. See Schueler v. Good Friend North Carolina Corporation, 231 N.C.. 416, 57 S.E.2d 324, 21 A.L.R.2d 417.

9. 38 Am.Jur., Negligence, § 131; and see generally on this subject and the allied one of foreseeability, etc., Young v. Bank of America, 95 Cal.App.2d 725, 214 P.2d 106, 16 A.L.R.2d 1155, 1161; Smith v. Kroger Grocery and Baking Co., 339 Ill.App. 501, 90 N.E.2d 500, 20 A.L.R.2d 1, 25 and see note 14.

10. Clark-Daniel's, Inc. v. Deathe, supra, note 4 and Rose v. Melody Lane of Wilshire, supra.

rely on res ipsa loquitur.[11] The evidence here was sufficient for that doctrine to be applicable and the trial court properly denied defendant's motions for directed verdict and for judgment n. o. v.[12]

With reference to the claim of insufficiency of the evidence to establish the accident caused the damages to plaintiff, defendant quotes some of the medical testimony. Again viewing all the evidence in the light most favorable to the verdict, the evidence as to damage was sufficient to justify the verdict.[13]

■ It is somewhat difficult to discuss defendant's Point Three relating to instructions, as there are eleven assignments of error, three directed to those given and eight as to those refused, grouped and argued together though not presenting related questions and without reference to the page of the settled record contrary to SDCL 1967, § 15-29-17(5) and (6). Instruction 1 outlined plaintiff's claim and defendant's answer, which though sometimes not a recommended practice,[14] properly stated the issues. Instruction 6 as to defendant's duty to keep the furnishings in a reasonably safe condition "co-extensive with the invitation", a limit mentioned in Wilkinson v. Webb-Carter Shoe Co., 57 S.D. 458, 233 N.W. 291, was favorable to defendant and not pertinent here. Defendant does not raise the question that no instruction on res ipsa loquitur was specifically given, though we mention a verdict without it was approved in the Rose v. Melody Lane opinion, supra. Other requested instructions were substantially given or are disposed of in the opinion on the issues of duty and negligence.[15]

Affirmed.

All the Judges concur.

---

11. Barger v. Chelpon, 60 S.D. 66, 243 N.W. 97, and see Henrichs v. Inter City Bus Lines, 79 S.D. 267, 111 N.W.2d 327. Accord: Gow v. Multnomah Hotel, Inc., supra.

12. Nownes v. Hillside Lounge, Inc., a Corporation, 179 Neb. 157, 137 N.W.2d 361; Sweet v. Swangel, Iowa, 166 N.W.2d 776; Gow v. Multnomah Hotel, Inc., supra and cases cited therein and notes 8 and 10.

13. See notes 1, 2 and 3.

14. Schroeder v. Donlin, 79 S.D. 311, 111 N.W.2d 609.

15. Instructions 9, 10, 11 and 12 not challenged here advised the jury on the requirements of foreseeability (Orrison v. City of Rapid City, 76 S.D. 145, 74 N.W.2d 489, and Nicholas v. Tri-State Fair & Sales Association, 82 S.D. 450, 148 N.W.2d 183) and defendant's knowledge or duty to know or learn of the defect.