REINARTZ, Respondent, v. TOWN OF ETHAN, Appellant.

(208 N. W. 174.)

(File No. 5770.    Opinion filed April 5, 1926.)

**Eminent Domain—Constitutional Law—Streets and Highways.**

Under Const., Art. 6, Sec. 13, city is liable for damages in constructing grades obstructing natural drainage from lots.

---

Note.—See, Headnote, American Key-Numbered Digest, Eminent Domain, Key-No. 101, 20 C. J. Sec. 153.

Liability of municipal corporation for damming back surface water by grading of street, see notes in 65 L. R. A. 250, 29 L. R. A. (N. S.) 126.

Appeal from Circuit Court, Davison County; Hon. FRANK B. SMITH, Judge.

Action by Theodore Reinartz against the Town of Ethan. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*Roscoe Satterlee,* of Mitchell, for Appellant.
*H. G. Giddings,* of Mitchell, for Respondent.

MORIARTY, C.  The town of Ethan appeals from an order overruling a demurrer to the complaint.

In the complaint respondent alleges that he is the owner of certain lots in the appellant town.  He says that said lots had adequate natural surface drainage until the respondent graded certain streets to the south and east of said property without providing an outlet through an embankment so formed.  And he says that the acts of respondent in constructing said grades has entirely cut off and obstructed the natural drainage from said lots, and has caused surface waters to be confined and pocketed upon said property in large quantities, and to remain thereon for long periods until removed by evaporation or percolation.  The complaint further describes in detail the improvements which respondent had placed upon his said property before the acts complained of, the use of said property for residence and business purposes, the particular ways in which the confining of the water thereon has interfered with such uses, and the amount of damages resulting therefrom.  And he asks for damages and that appellant be required to abate the nuisance created by the confining of stagnant water on said land.

Appellant contends that it has a right to grade its streets, and that respondent's remedy is to fill his lots up to grade level, and that it is not liable for any damages caused by the obstruction.  The appellant cites numerous authorities as supporting this contention, but appellant's counsel apparently overlooked the fact that this court has held directly against this contention.

In Searle v. City of Lead, 73 N. W. 101, 10 S. D. 312, 39 L. R. A. 345, the court holds that the damaging of property by grading of streets comes within the provisions of article 6, § 13, of our state Constitution, providing that where private property is taken or damaged for public use just compensation therefor must first be paid.  In that case the city council contended that, in view of the statutory provision to the effect that after the grade of any street has been established the city shall, if the grade is changed, be liable for damages, there is no liability for any damage from the making of a grade for the first time.  In discussing the effect of that statute the court says:

"But an act of the Legislature, while entitled to great consideration, cannot abridge or control the provisions of the Constitution. The provisions of the Constitution are not limited to a change of grade once established, but are general."

The law of this state is well established on that point. Olson v. City of Watertown, 195 N. W. 446, 46 S. D. 582; Whittaker v. City of Deadwood, 82 N. W. 202, 12 S. D. 608.

The demurrer in the instant case was properly overruled, and the order appealed from is affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.