GELLERT, Respondent, v. CITY OF MADISON et al.,
Appellants.

(210 N. W. 978.)

(File No. 5872.   Opinion filed December 6, 1926.)

1.  **Municipal Corporations—Limitation of Actions—Statutes Requiring Filing of Claim Against City Before Suit Do Not Apply to Action for Polluting Stream (Rev. Code 1919, §§ 6337, 6338).**
    Rev. Code 1919, §§ 6337, 6338, requiring filing of verified claim against city before suit, held not to apply to action by landowner for damages for pollution of stream through discharge of sewage; such action being in tort.

2.  **Eminent Domain—Negligence—Landowner Demanding Damages from City for Polluting Stream Need Not Prove City Was Negligent (Const., art. 6. § 13).**
    In action against city for damages from pollution of stream running through his land by sewage deposits, plaintiff is not required to prove city was negligent in construction of sewer system, in view of Const., art. 6, § 13, providing that private property shall not be taken for public use or damaged without just compensation.

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Municipal corporations, Key-No. 845(1), 28 Cyc. 1451, 1758; **(2)** Eminent domain, Key-No. 271, 20 C. J. Sec. 148, Municipal Corporations, 28 Cyc. 1333.

Appeal from Circuit Court, Lake County; Hon. L. L. Fleeger, Judge.

Action by Ewart Gellert against the City of Madison and others.  From an order overruling a demurrer to the complaint, defendant appeals.  Affirmed.

*Charles J. Porter,* of Madison, for Appellant.
*Ira F. Blewitt,* of Madison, for Respondent.

MORIARTY, C.  This is an appeal from an order overruling a general demurrer to the complaint.

The complaint alleges the facts to be as follows: During the years 1922, 1923, and 1924 respondent occupied, as lessee, a certain tract of land near the appellant city of Madison.  The land so occupied is crossed by a small stream into which the sewage from the city is cast.  At the time respondent took possession of said land, conditions were such that the sewage did not pollute

the waters of the stream sufficiently to cause any material damages to the land in question, but during the year 1922 changes were made in the sewer system of the appellant city, causing large quantities of offensive matter to be cast into said stream immediately above the premises occupied by the respondent, and causing the water of said stream, flowing in close proximity to respondent's home, to be so polluted as to give off odors which are extremely offensive and injurious to health and to cause such premises to be uninhabitable, to the injury of respondent in the sum of $3,000. Respondent presented a claim for this amount, and the claim was rejected by the city commissioners.

To this complaint the city of Madison and the individual members of the city commission interposed separate demurrers. The trial court sustained the demurrer of the commissioners, but overruled that of the city.

[1] In his brief, appellant's counsel argues but two propositions. His first contention is that, before bringing an action on a claim of this kind the claimant must reduce his claim to writing and verify it by oath. Counsel contends that the provisions of section 6337 and 6338, Rev. Code 1919, require this, and that the complaint is insufficient in that, while it alleges that the claim was filed and rejected, there is no allegation that it was properly verified. Counsel further contends that the decision of this court in Haley & Lang Co. v. City of Huron, 36 S. D. 6, 153 N. W. 891, does not apply to the claim involved in the instant case. In these contentions counsel is in error.

The instant case is a tort action, and in Haley & Lang Co. v. City of Huron, supra, this court specifically held that the provisions of sections 6337 and 6338, R. C., do not apply to claims for damages in tort. This holding was reaffirmed in Stewart v. Rapid City, 48 S. D. 554, 205 N. W. 654.

[2] Appellant's second contention is that a city is not liable for damages such as are claimed in the instant case, unless it is shown to have been negligent in the construction of its sewer system. But the authorities cited in support of this contention cannot control in the instant case. They are from states which do not have the same constitutional provision which South Dakota has. Many of the state Constitutions contain a provision that

private property shall not be taken for public use without just compensation. But section 13 of article 6 of the Constitution of this state provides that "private property shall not be taken for public use, or damaged, without just compensation."

In some states, whose Constitutions do not contain the provision as to damaging, the courts have held as contended for by appellant. But this court has repeatedly held that cities are liable for consequential damages arising from the construction of improvements where no negligence is proven. The law of this state is well estabilshed upon that point. Reinartz v. Town of Ethan 50 S. D. 42, 208 N. W. 174; Searle v. City of Lead, 10 S. D. 312, 73 N. W. 101, 39 L. R. A. 345; Olson v. City of Watertown, 46 S. D. 582, 195 N. W. 446; Whittaker v. City of Deadwood, 12 S. D. 608, 82 N. W. 202.

The demurrer was properly overruled. The order appealed from is affirmed.