ANDERSON, Respondent v. CHICAGO & NORTHWESTERN RY. CO., Appellant.

(241 N. W. 516.)

(File No. 7196. Opinion filed March 15, 1932.)

*Churchill & Benson,* of Huron, for Appellant.

*Ostensoe & Ostensoe,* of Waseca, Minn., and *B. O. Stordahl,* of Sioux Falls, for Respondent.

ROBERTS, J. Plaintiff, who was an employee of the Wagner-Erling Company of Sioux Falls, S. D., commenced this action, alleging negligence upon the part of the defendant, to recover damages for personal injuries resulting from a fall when the floor of the freight depot of the defendant company gave way under the weight of sacks of cement which plaintiff and other workmen were storing in the freight depot. Defendant in its answer denies generally the allegations of the complaint, pleads assumption of risk by the plaintiff, and also pleads that the injuries, if any, sustained by plaintiff were caused, or contributed to, by the negligence of the plaintiff. Trial of the action resulted in a verdict for the plaintiff. From judgment rendered thereon and from order denying motion for new trial, defendant appeals.

The Wagner-Erling Company was engaged in paving a highway in the vicinity of Waseca, Minn., and received consignments of cement at that station over the system of the defendant company. Iner Zetterlind, a foreman of the construction company, requested of A. J. Thomas, defendant's station agent at Waseca, permission to store a carload of cement in the freight depot. Thomas told Zetterlind that he had no authority to grant the request, but would communicate with the district freight agent at Winona, Minn. Permission was granted, and Thomas marked off a space in the east end of the freight depot. Plaintiff testified that he was instructed by Thomas to pile the cement eighteen sacks high; that Thomas stated that it was necessary to pile the cement in that manner in order to store it in the allotted space. Thomas denied that he gave any such instruction, or that he had any conversation with plaintiff with reference to the storing of the cement. It is undisputed that a number of tiers were piled eighteen sacks high, and that plaintiff was standing on tiers piled six sacks high when the floor gave way. Upon such testimony, the argument is made that defendant, acting by its agent, was negligent when it instructed the plaintiff to place an excessive load upon the floor. A motion for directed verdict was made by the defendant upon the contention, among others, that there was no evidence of negligence upon the part of the defendant.

To justify a recovery in the action, negligence upon the part of the defendant must be established. There can be no actionable negligence justifying a recovery in the absence of an

imposed duty and a violation thereof resulting in damages to the plaintiff. The contention of the plaintiff is that he was on the premises of the defendant at the time of the accident as an invitee, and that defendant was under obligation to exercise care for his safety. An invitation by the owner or occupant of premises is implied by law where the person going on the premises does so in the interest of the owner or occupant, or in a matter of mutual interest, or in the usual course of business. 20 R. C. L. § 60; Shearman & Redfield, Negligence (6th Ed.) § 706. It must have been within the contemplation of the defendant company when it granted permission to store the cement that the work of unloading the car would by done by employees of the Wagner-Erling Company. The plaintiff was on the premises in pursuance to an understanding of his employer and the defendant, and the duty of the defendant to the employees of the construction company upon the premises to unload the cement was essentially the same as to the members of the company itself. Pauckner v. Wakem, 231 Ill. 276, 83 N. E. 202, 203, 14 L. R. A. (N. S.) 1118. The status of the plaintiff was that of an invitee.

■ ■ The general rule is that it is the duty of an owner or occupant of premises who expressly or by implication invites or induces a person to come upon his premises to exercise ordinary care to render the premises reasonably safe for the purposes embraced in the invitation. 45 C. J. 826, 836; 20 R. C. L. § 51; Shearman & Redfield, Negligence (6th Ed.) § 706. This, however, is the extent of the duty; the owner or occupant is not an insurer as to the safe condition of the premises.

The plaintiff expressly alleged that the floor gave way by reason of its defective and unsafe condition. There is no evidence to substantiate such allegation. Examination, made immediately after the accident, failed to disclose any defective or decayed materials in the floor or its supports. The jury could have found no negligence upon the part of the defendant in the maintenance of the building.

■ It is reasonably certain that the floor collapsed from the excessive weight of the cement. Hence, it is necessary to determine if the defendant was responsible for the injuries of the plaintiff resulting from the unreasonable use of the building. An em-

ployer is answerable to third persons for the negligent acts of an employee while acting as such and within the scope of his employment. 39 C. J. 1289; Lovejoy v. Campbell, 16 S. D. 231, 92 N. W. 24. Plaintiff asserts that Thomas negligently directed the manner in which plaintiff should store the cement; that the instruction to store the cement eighteen sacks high constituted an unreasonable use of the building. Does the evidence, under the foregoing principle, warrant the conclusion that the defendant employer is liable? Relative to the conversation with Thomas, plaintiff testified: "I saw a man by the name of Thomas on the 10th of September in the freight depot in Waseca. He was the station agent at Waseca for the Northwestern Railway Company. I had a talk with him before I started doing the work in the warehouse. He told us the space we could have to store the cement, or he showed us—marked it off. He marked off the space on the floor. It was marked one way; he just showed us by a 2 by 6 on the floor what space we could have. He said he had figured out we would have to pile it 18 sacks high in order to get it in that space, as that was all the space he had for it. He said that to me and the three boys that went to pile the cement. After that talk we went to work."

The east end of the building which is eighteen feet wide was admittedly allotted for the purpose of storing the cement, and plaintiff testified that the space indicated by Thomas extended not less than twelve feet from the east wall. To store the car of cement in such allotted space, it would not have been necessary to pile the cement more than eight sacks high.

Thomas marked the space within which plaintiff and his coemployees were to store the cement, and in so doing was acting within the scope of his employment. The plaintiff, however, does not claim that defendant was negligent in directing the cement to be stored in this allotted space, but the alleged negligence is founded upon the suggestion of Thomas that it was necessary to pile the cement eighteen sacks high if the car of cement was to be stored within the space indicated by him. The suggestion made by Thomas did not constitute the giving of an order, but of information which he gratuitiously volunteered. This is apparent from plaintiff's testimony. Obedience to the direction that the cement be stored within the allotted space was intended,

but the suggestion as to details in storing the cement was not authoritative which was evident to the plaintiff and was not made by Thomas acting within the scope of his employment.

Plaintiff contends that, if there was no direct evidence of negligence, the doctrine of res ipsa loquitor applies under the facts of the case. This court in Patterson v. Jos. Schlitz Brewing Co., 16 S. D. 33, 91 N. W. 336, held that the falling of a building without cause is prima facie evidence of negligence of the owner. Ryder v. Kinsey, 62 Minn. 85, 64 N. W. 94, 34 L. R. A. 557, 54 Am. St. Rep. 623, is quoted with approval: "The presumption then would be, in the absence of explanatory circumstances, that the wall fell because it was in an unsafe condition, and that the defendant was negligent in not exercising ordinary care in properly inspecting and keeping it in repair."

In the instant case, the uncontradicted evidence tends to show sufficient care in construction and manitenance of the building. The cause of the accident is known, and no reason appears for the application of the doctrine of res ipsa loquitor.

"When the evidence shows the precise cause of the accident, there is of course no room for the application of the doctrine of presumption." Cassady v. Old Colony Street R. Co., 184 Mass. 156, 68 N. E. 10, 63 L. R. A. 285.

The trial court committed error in denying defendant's motion for directed verdict.

Judgment and order appealed from are reversed, with directions to dismiss the complaint.

CAMPBELL, P. J., and POLLEY, WARREN, and RUDOLPH, JJ., concur.