Claude B. LONG and Kathryn Long, his wife, Respondents,

v.

SPANISH LAKE SERVICE, INC., Appellant.

No. 34604.

Missouri Court of Appeals, St. Louis District, Division 2.

Jan. 15, 1974.

Motion for Rehearing or for Transfer to Supreme Court Denied Feb. 11, 1974.

Application to Transfer Denied May 13, 1974.

---

overflow into plaintiffs' home, to their damage.

Plaintiffs' evidence was that they returned home to find garbage, fecal matter and debris had overflowed into their house and out into their yard after a neighbor had seen the overflow and opened an outside door. Interior damage was extensive. Plaintiffs introduced defendant's answers to interrogatories showing defendant's nearby manhole, 42 inches in diameter and 18 feet deep, had been cleaned a few days before the overflow but that defendant had no records showing when and had no written guide lines regarding inspection of its sewer lines. That was all of plaintiffs' evidence.

■■ In determining the submissibility of plaintiffs' case they are entitled not only to their own evidence but also to defendant's evidence that helps plaintiffs' case. Defendant's evidence was that its employees had inspected the manhole four days before the overflow and found it clear; that immediately after the overflow they removed from the manhole an 18-inch metal grate, some wire, rocks and bricks—none of which was part of the sewer system. We need not decide whether this evidence did or did not show defendant was negligent since plaintiffs do not rely upon it and contend simply that under the theory of res ipsa loquitur the fact of overflow is sufficient to warrant a finding defendant was negligent. We do note that defendant's evidence of the debris being at the bottom of the manhole does warrant an inference that the stoppage originated in defendant's sewer main rather than in plaintiffs' lateral sewer line.

■ The landmark case of McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557 [1] (1932), declares the essential elements of a res ipsa submission: "In general and on principle the doctrine res ipsa loquitur does not apply except when (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities in-

Klutho & Cody, St. Louis, for respondents.

Robertson, Ely & Wieland, St. Louis, for appellant.

CLEMENS, Acting Presiding Judge.

The key issue here is whether plaintiffs made a submissible res ipsa loquitur case.

■ Plaintiffs sued defendant for household damages caused by an overflow from defendant's sewer line. Plaintiffs got an $1,800 verdict and judgment and defendant appeals. Defendant seeks to escape liability on the ground plaintiffs had not paid the required charge to connect with defendant's sewer. Plaintiffs' case was not for a breach of contractual duty but for negligence. Defendant's no-contract defense is refuted by May v. Chicago, B & Q R Co., 284 Mo. 508, 225 S.W. 660 [11] (Mo.banc 1920): "Everybody, regardless of any contract he may be under to render a particular service, has the duty imposed on him by law to be ordinarily careful, the circumstances considered, not to hurt other persons; and is responsible to any one who is harmed by a breach of that duty." We move to the negligence issue.

Plaintiffs pleaded and submitted that defendant owned and operated a sewer main connected with the lateral sewer line on plaintiffs' lot—which defendant admitted—and that defendant's negligence, not specified, caused sewage to back up and

volved were under the management and control of the defendant; (c) and the defendant possesses superior knowledge or means of information as to the cause of the occurrence." Here we are concerned with the control element and the probability element. Our res ipsa doctrine had its origin in English law. A lucid rationale of the theory is found in Scott v. The London & St. K. Docks Co., 3 Hurls. & C. 596, 601 (1865): "But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care."

We first look to the element of defendant's control of the sewer main. Plaintiffs rely on Zurich Insurance Co. v. Missouri Edison Co., 384 S.W.2d 623 (Mo.1964), and Adam Hat Stores, Inc. v. Kansas City, 316 S.W.2d 594 (Mo.banc 1964). Both cases are distinguishable. In *Zurich* plaintiff's damage arose from an explosion resulting from a break in defendant's gas main buried three feet below street level. In *Adam Hat* plaintiff's damage arose from a break in defendant's water main buried four feet below the street surface in front of plaintiff's store. In each case the res ipsa loquitur doctrine was held applicable since the defendant had exclusive control of the broken main and what went into it. In contrast, all that is involved here is an obstruction of a sewer line into which all users of the system deposited materials, defendant having no control over them.

The res ipsa issue was before the Supreme Court of Wisconsin in Freitag v. City of Montello, 36 Wis.2d 409, 153 N.W. 2d 505 (1967), a sewage overflow case where the court found the doctrine inapplicable, saying: "The instant sewer main is not an instrumentality entirely within the control of defendant with respect to the materials that are deposited therein.

. . . Had the flooding of plaintiff's basement been caused by a defect, or break, in the sewer main we then would have an instrumentality entirely within the control of defendant."

■ Here, the initial cause of the stoppage was not within defendant's exclusive control. By its very nature defendant's sewer was available to all persons with access to the line—for their proper or improper use—without defendant's prior control. The essential element of defendant's exclusive control was not shown.

■ We next look to the res ipsa requirement that "the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care." McCloskey v. Koplar, supra. Whether the facts of a case meet that requirement is not a question of fact for the jury but one of law for the court. Parlow v. Dan Hamm Drayage Co., 391 S.W.2d 315 [9–11] (Mo.1965). The test was also declared in Hart v. Emery, Bird, Thayer Dry Goods Co., 233 Mo.App. 312, 118 S.W.2d 509 [7] (1958); see also Epps v. Ragsdale, 429 S. W.2d 798 [3–4] (Mo.App.1968), holding: "The question is answered when the court can take judicial notice, based on common knowledge and experience, that such an injury probably would not have occurred but for [defendant's] negligence in some form."

■ Neither common knowledge nor experience leads us to conclude plaintiffs' sewer would not have overflowed but for defendant's negligence in some form. Here the overflow could reasonably be attributed to any person having access to defendant's sewer line. Accordingly, we hold plaintiffs have not shown the essential elements of control and probability essential to a res ipsa case. See Charlton v. Lovelace, 351 Mo. 364, 173 S.W.2d 13 [4] (1943), holding "where there are two or more persons or causes which might have produced the injury, some, but not all, of which were under the control of defendant

or for which he was legally responsible, plaintiff, in order to invoke the doctrine, must exclude the operation of those causes for which defendant is under no legal obligation."

We conclude plaintiffs failed to make a submissible res ipsa case and their judgment must be reversed. But since the record shows circumstances from which inferences of specific negligence might be drawn, rather than reversing outright we are justified in remanding the case for a new trial. Cudney v. Midcontinent Airlines, 363 Mo. 922, 254 S.W.2d 662 [9] (1953).

The judgment is reversed and the cause is remanded for a new trial. Costs accruing to this date are to be charged against plaintiffs.

McMILLIAN and GUNN, JJ., concur.