Ernest Wayne CARR, Plaintiff
and Appellant,

v.

CORE INDUSTRIES and Du-Al Manu-
facturing Company, Defendants
and Appellees.

No. 14915.

Supreme Court of South Dakota.

Submitted on Briefs Nov. 20, 1985.

Decided Aug. 20, 1986.

See also, 371 N.W.2d 374.

Joan P. Baker, Miller, for plaintiff and
appellant.

Chester A. Groseclose Jr., of Richardson,
Groseclose, Kornmann Wyly, Wise &
Klinkel, Aberdeen, for defendants and ap-
pellees.

PER CURIAM

Plaintiff (appellant) appeals from a sum-
mary judgment dismissing his action based
on strict liability because it was barred by
the three-year statute of limitations. We
affirm.

FACTS

Appellant was injured on September 5,
1981, when a tractor-loader that was manu-
factured and distributed by defendants col-
lapsed. Appellant brought an action alleg-
ing breach of warranties, strict liability,
"violation of statutes and standards" (neg-
ligence per se), and res ipsa loquitur.[1] The
sheriff of Minnehaha County received ap-
pellant's summons and complaint either on
September 6 or September 7, 1984.[2] The
summons and complaint was served on de-
fendant Du-al on September 7, 1984. On
the same day, the South Dakota Secretary
of State admitted service of the summons
and complaint and forwarded them to de-
fendant Core.

Defendants made a motion for summary
judgment on the grounds that appellant's
cause of action was barred by the three-
year statute of limitations because the
summons and complaint were served two
days late. SDCL 15-2-14(3).[3] The trial

---

1. This Court has held that the res ipsa loqui-
tur doctrine is primarily a rule of Evidence
[sic]. *Roster v. Inter-State Power Co.*, 1931, 58
S.D. 521, 237 N.W. 738 [sic]. It is not an issue
to be pleaded in the complaint nor need it be
"noticed" by specific designation to the ad-
verse party at pretrial or at trial for it is
neither a cause of action nor a ground for
recovery. *Fassbinder v. Pennsylvania Rail-
road Company*, 1963, 3 Cir., 322 F.2d 859 [sic].

*Shipley v. City of Spearfish,* 89 S.D. 559, 561, 235
N.W.2d 911, 913 (1975).

2. Appellant's trial counsel did not represent him
in this appeal.

3. SDCL 15-2-14 provides in pertinent part: "Ex-
cept where, in special cases, a different limita-
tion is prescribed by statute, the following civil
actions other than for the recovery of real prop-
erty can be commenced only within *three years*

court granted defendants' motion for summary judgment.

Appellant argues that the six-year "catch-all" statute of limitations, SDCL 15–2–13(5),[4] is applicable to his action for strict liability rather than the three-year statute of limitations applicable to personal injuries, SDCL 15–2–14(3). Appellant does not quarrel with the application of the three-year limitation as a bar to his action for negligence. He has apparently abandoned any warranty claims.

■ This court has not determined whether the three-year or six-year statute of limitation applies to actions seeking to recover for personal injuries arising from strict liability. *See Titze v. Miller,* 337 N.W.2d 176 (S.D.1983) (Three year statute of limitations applied to actions for loss of consortium.); *Arbach v. Gruba,* 86 S.D. 591, 199 N.W.2d 697 (1972) (In a negligence action to recover for personal injuries, cause was barred where summons and complaint were received by sheriff within the time limitation but were served more than sixty days later and after statute of limitations had run.); *Cunningham v. Yankton Clinic, P.A.,* 262 N.W.2d 508 (S.D.1978) (Three-year statute of limitations applied in medical malpractice action against professional medical corporation.); *Russell v. Balcom Chemicals, Inc.,* 328 N.W.2d 476 (S.D.1983) (Parties and the court assumed, without deciding, that three-year statute of limitation applied to action for negligence and strict liability resulting in personal injuries.). *Titze, Arbach, Cunningham,* and *Russell* only partially define the scope of "personal injury" cases that fall within the three-year statute of limitations of SDCL 15–2–14(3).

Some courts have held that their shorter statutes of limitations for "personal injuries" apply to product's liability (strict liability) actions rather than the longer "catch-all" statutes of limitation, which are applicable to actions for which no other limitation is provided. *Wetzel v. Commercial Chair Co.,* 18 Ariz.App. 54, 500 P.2d 314 (1972); *Neikirk v. Central Illinois Light Co.,* 128 Ill.App.3d 1069, 471 N.E.2d 1027 (1984). Other courts have concluded that statutes of limitations applicable to "personal injuries" or "injuries to the person" apply to such injuries arising from theories of strict liability or product's liability. *See, e.g., Daniel v. American Optical Corp.,* 251 Ga. 166, 304 S.E.2d 383 (1983); *Smith v. Elliard,* 110 Mich.App. 25, 312 N.W.2d 161 (1981); *Victorson v. Bock Laundry Machine Co.,* 37 N.Y.2d 395, 373 N.Y.S.2d 39, 335 N.E.2d 275 (1975); *Garcia v. Texas Instruments, Inc.,* 598 S.W.2d 24 (Tex.Civ.App.1980); *Kinney v. Goodyear Tire & Rubber Co.,* 134 Vt. 571, 367 A.2d 677 (1976); Note, *Strict Liability Actions—Which Statute of Limitations?,* 31 Mercer L.Rev. 773 (1980); Annot. 91 A.L. R.3d 455, 458 § 3 (1979). We hold that the three-year statute, SDCL 15–2–14(3), bars appellant's action to recover for his personal injuries based on strict liability.

■ Appellant also argues that the three-year statute of limitation is being arbitrarily applied and violates the "open courts" provision of the constitution.[5] Appellant's constitutional challenge was not presented to the trial court and hence is not properly before us on appeal. *Mayrose v. Fendrich,* 347 N.W.2d 585 (S.D.1984); *see also, Bayer v. Johnson,* 349 N.W.2d 447, 449 (S.D.1984).

after the cause of action shall have accrued: ... (3) An action for personal injury." (emphasis added)

**4.** SDCL 15–2–13 provides in pertinent part:
Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within *six years* after the cause of action shall have accrued: ...

(5) An action for criminal conversation or for any other injury to the rights of another not arising on contract and not otherwise specifically enumerated in §§ 15–2–6 to 15–2–17, inclusive[.] (emphasis added)

**5.** South Dakota Constitution, art. VI, § 20 states: "All courts shall be open, and every man for an injury done to him in his property, person or reputation, shall have remedy by due course of law, and right and justice, administered without denial or delay."

The judgment of the trial court is affirmed.

FOSHEIM, C.J., MORGAN and WUEST, JJ., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.

HENDERSON, J., disqualified.

SABERS, J., not having been a member of the court at the time this action was submitted to the court, did not participate.